UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL FONTENOT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1053 |
| | § | |
| JOHN BROUILLETTE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Rachel Fontenot's objections (Doc. 81) to the Magistrate Judge's order (Doc. 78) denying Fontenot's motion to quash Defendants' subpoena on Google, Inc. The Magistrate Judge denied the Plaintiff's motion, but limited the subpoena by requiring that Google provide the requested documents to Plaintiff's counsel "so that counsel can create a log of those documents that counsel believes are irrelevant or otherwise privileged." Doc. 78 at 2.

Plaintiff appeals that order on the grounds that the Stored Communications Act ["SCA"], 18 U.SC. §§ 2701-2712, "prohibits providers of electronic communications or remote computer services to the public from knowingly divulging the contents of their customers' electronic communications or the records relating to their customers." Doc. 81 at 4. Because the Court finds that the SCA does protect Plaintiff's email communications in this case, Plaintiff's objections are sustained and Defendants' subpoena on Google is quashed.

"The Stored Communications Act of 1986 prohibits the unauthorized disclosure of stored electronic communication and customer account information unless an exception applies." *J.T. Shannon Lumber Co., Inc. v. Gilco Limber, Inc.*, No. 2:07-CV-119, 2008 WL 3833216, *1

(N.D.Miss. Aug. 14, 2008). Specifically, it is a violation of the SCA for "a person or entity providing an electronic communication service to the public . . . knowingly [to] divulge to any person or entity the contents of a communication while in electronic storage by that service," subject to the exceptions provided in the statute. 18 U.S.C. § 1702(a)(1). The SCA contains no exceptions for civil discovery. *See id*; *J.T. Shannon Lumber Co., Inc*, 2008 WL 3833216 (citing *In re Subpoena Duces Tecum to AOL*, 550 F.Supp.2d 606, 611 (E.D.Va. 2008)).

The CSA defines "electronic storage" as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(A, B). The statute does not define the terms "incidental to the electronic transmission thereof" nor "backup protection."

Defendants, in their response to Plaintiff's original motion to quash the subpoena, cited cases from the Eastern District of Pennsylvania and the Southern District of New York for the proposition that the SCA definition of "electronic storage" includes only communications that are stored "after the message is sent by the Sender, but before it is retrieved by the intended recipient" or for back-up protection storage "which protects the communication in the event the system crashes before transmission is complete." Doc. 63 at 6; *Fraser v. Nationwide Mut. Ins. Co.*, 135 F.Supp.2d 623 (E.D.Pa. 2001); *In re Doubleclick, Inc. Privacy Litigation*, 154 F.Supp.2d 497 (S.D.N.Y. 2001).

The Court disagrees that the scope of the SCA's protection is limited to that exceedingly brief period during which a message is transmitted or to those rare instances in which messages that are temporarily stored in the event of a transmission failure. Because of the speed of electronic communications and the relative rarity of "system crashes," this reading would narrow

the scope of the SCA to protect only the tiniest fraction of electronic communications. The Court concurs with the Northern District of Mississippi that "[t]he statute prohibits a person or entity that provides an electronic communication service to the public from knowingly divulging the contents of any communication that is carried or maintained on the system." *J.T. Shannon Lumber Co., Inc*, 2008 WL 3833216, *2.

Because Defendants here seek messages that are still "maintained on the system" and have not been downloaded or otherwise removed from the "electronic storage" provided by Google, the Court hereby

**ORDERS** that Plaintiff's objections to the Magistrate Judge's Order are **SUSTAINED** and the Defendants' subpoena on Google is **QUASHED**.

SIGNED at Houston, Texas, this 9th day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE